UNITED STATES v. DASTERVIGNES et al.

(Circuit Court, N. D. California. August 18, 1902.)

No. 13,259.

1 FORESTS—REGULATION—RULES—DELEGATION OF LEGISLATIVE AUTHORITY.

The act of congress approved June 4, 1897 (30 Stat. 35), authorized the secretary of the interior, in his superintendence of all forest reservations, to "make such rules and regulations and establish such service as will insure the objects of such reservation, namely, to regulate their occupancy and use and to preserve the forests thereon from destruction." *Held*, that the authority given the secretary is not unconstitutional as a delegation of legislative authority.

2. SAME—USE OF PUBLIC LANDS.

The pasturing of sheep on the Stanislaus forest reservation having been forbidden by rule of the secretary of the interior under authority of Act June 4, 1897 (30 Stat. 35), user cannot give a right of pasturage there.

3. SAME—USER.

Inasmuch as laches cannot be invoked against the government, user of government lands for pasturage gives no right so to do.

4. SAME—RESTRAINING USE—BILL—ALLEGATIONS.

A bill seeking to restrain defendants from pasturing sheep on a certain forest reservation alleged that defendants drove several bands of sheep upon the reservation. *Held*, that a demurrer on the ground that there was a misjoinder of defendants was of no merit, since, while it did not appear that the defendants committed several acts of trespass, it appeared there was a joint offense, and, even if the acts were several, they might all be included in one equitable action; the law and testimony applicable to each defendant being the same.

5. SAME—ALLEGATIONS—DAMAGES.

Where a bill to restrain the pasturage of sheep on a certain forest reservation alleged that the grasses, herbage, and undergrowth were injured by the tramping, traveling, and driving of the sheep, the allegations as to damage were sufficient to warrant continuance of a restraining order pendente lite.

¶ 1. See Constitutional Law, vol. 10, Cent. Dig. § 96.

Marshall B. Woodworth, U. S. Atty.
Charles H. Fairall, for defendants.

BEATTY, District Judge.   The government seeks to restrain the defendants from pasturing their sheep upon certain public lands, designated by the president as the "Stanislaus Forest Reservation."   The act of congress approved June 4, 1897 (30 Stat. 35), authorized the secretary of the interior, in his superintendence of all forest reservations, to "make such rules and regulations and establish such service as will insure the objects of such reservation, namely, to regulate their occupancy and use and to preserve the forests thereon from destruction."   In pursuance of such authority the secretary prohibited the pasturing of sheep on this reservation, except through permission by him upon due application.   The defendants made no application, and have no permit, but, denying the authority of the secretary to make such regulations, allege that the authority given by congress is in effect a delegation of legislative power, which is in violation of the constitution.

It is not doubted that a legislative body cannot delegate its authority to others to make laws; but that it may authorize the formulation of rules to enforce its laws, not simply according to their letter, but to the full extent of their spirit and. object, has been too long held to be now doubted.   To this should be added that such laws and the rules in pursuance thereof should not be strictly construed against the government, but liberally in its favor.   The government is but the people en masse.   Its laws are their laws, in which all are alike interested, and to the defense of which none are individually called.   Strict construction might soon, with only such defense as the general public would give, result in such enervation as to render them valueless.   Upon the same principle that laches is not imputed to the government, a liberal construction of the laws in its favor should follow.

In this case the authority is expressly stated to be for the purpose of securing the objects of such reservations, and then enumerates as one of such objects the regulation of their occupancy and use.   The simple test to be applied to this case is the one before referred to:   Is it authority to make a law or to enforce one already made?   A brief examination of a few of the authorities will aid to a reply; and such examination is pertinent, because of the fact that two of the district courts have held, in criminal cases, these rules invalid.  Before doing so, however, it is suggested that in many matters concerning which congress is called upon to legislate, and especially in those which are largely under the management of some chief department of the government, it is impossible that all the minutiæ for the enforcement of such laws can be foreseen and provided for by special provisions.   Necessarily much must be left to the executive officer.   Congress indicates the objects it has in view.   It embodies in general terms the matters to be accomplished and aims to be reached, and leaves the duty of enforcement to the proper executive officer.   Hence the necessity, as has been the practice from the institution of the government, of authorizing such officers.to make the proper rule for the enforcement of the law.

In Field v. Clark, 143 U. S. 649, 12 Sup. Ct. 495, 36 L. Ed. 294, a

revenue act of congress provided for the free introduction into the United States of certain articles of commerce, and directed that, if the foreign countries so shipping those articles discriminated against the United States in certain matters, the president should have the power to suspend the act, as to those countries, for the introduction of their goods without duty. This gave the president the power to suspend an act of congress,—for the time to declare it void. But the court, after referring to the long-established practice of congress to so legislate, held this act constitutional. Pages 680, 692, 143 U. S., 12 Sup. Ct. 495, 36 L. Ed. 294.

In Re Kollock, 165 U. S. 526, 17 Sup. Ct. 444, 41 L. Ed. 813, was involved an act of congress which provided that oleomargarine should be sold in packages to be "marked, stamped, and branded as the commissioner of internal revenue * * * should prescribe." In a criminal action for the sale of such article without compliance with the rules, the defense was interposed that such authority by congress to the commissioner was a delegation of legislative power. The court, in sustaining the act, says:

"The regulation was in execution of or supplementary to, but not in conflict with, the law itself, and was specifically authorized thereby in effectuation of the legislation which created the offense. We think the act was not open to the objection urged, and that it is disposed of by previous decisions. U. S. v. Bailey, 9 Pet. 238, 9 L. Ed. 113; U. S. v. Eaton, 144 U. S. 677, 12 Sup. Ct. 764, 36 L. Ed. 591; Caha v. U. S., 152 U. S. 211, 14 Sup. Ct. 513, 38 L. Ed. 415."

The court reviews cases in which was involved the validity of rules and regulations made by some department under the authority of congress, by which it appears that the law as held by that court is that all rules or regulations issued by any department in pursuance of authority given it by congress, and which are for the purpose of enforcing some provision or object which has been authorized or defined by the act itself, become a part of the law, and are not in contravention of the constitution, and are valid. But the court also points out that when such regulations require the performance of acts not provided for or fairly contemplated by the law, or that are not within its general objects, they are void.

In the case of U. S. v. Eaton, supra, the distinction was illustrated by an act defining butter, also imposing a tax upon and regulating the sale of oleomargarine. Authority was given the commissioner of internal revenue to make all needful rules for the enforcement of the act. He required, among other things, the keeping of a book in a certain form and monthly reports to be made. It was held that such requirement was not provided by the act, nor was it within its purview or general objects, and therefore was invalid.

While regretting that I am not of the same opinion reached in some other cases involving the same rules now under consideration, I must conclude, in view of the authorities and for the reasons before stated, that such rules are valid. This difference of view, it may be suggested, invites a review by the circuit court of appeals.

Defendants also claim that by long user they are entitled to pasturage upon these lands, and cite Buford v. Houtz, 133 U. S. 320, 10

Sup. Ct. 305, 33 L. Ed. 618, in support of such claim. That case only says, on page 326, 133 U. S., and page 307, 10 Sup. Ct., 33 L. Ed. 618, that uninclosed public lands of the government may be used for pasturage by the people when "no act of government forbids their use." In the present case the government has forbidden their use. Moreover, as laches cannot be invoked against the government, long use by defendants gave them no title. This defense is not tenable.

A demurrer to the bill charges a misjoinder of parties defendant, and that the allegations of fact to show irreparable injury are not sufficient to justify injunction. As to the first, the allegations of the complaint are that the defendants drove several bands of sheep upon the reservation. It does not appear that the several defendants committed several acts of trespass; but from the allegations it rather appears that it was a joint offense by all. Even if their acts were several, there is good authority that all may be included in one equitable action when the law and the testimony applicable to each individual is substantially the same. The complaint, I think, does not state as fully as it might the facts which constitute the irreparable injury. It does say, among other things, that the grasses, herbage, and undergrowth are injured by the tramping, traveling, and driving of the sheep. It is rather well known that sheep do tramp out and destroy all vegetation in the nature of grasses. I think a fuller statement of the facts showing the destruction they cause might be made. But, the whole bill considered, I think it sufficient to continue pendente lite the restraining order heretofore issued.

The demurrer is overruled, and the motion for restraining order pendente lite is granted.